IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| FRANKLIN C. SMITH,<br><br>Petitioner,<br><br>vs.<br><br>SOCIAL SECURITY ADMINISTRATION, SUPERVISOR ANDREW, GO2BANK CUSTOMER SERVICE,<br><br>Respondents. | CV 23-142-BLG-SPW<br><br><br>ORDER |

This matter is before the Court on a hand-written petition for writ of mandamus submitted by Franklin C. Smith ("Smith"). Smith is a pro se prisoner incarcerated in Sheridan, Wyoming. He believes his rights under the Fourteenth Amendment's due process clause have been violated. (Doc. 1 at 1.)

Smith alleges the Respondents have wrongfully withheld his disability benefits, beginning in September of 2023. (*Id.* at 2.) He asserts they have abused the Social Security Act and are placing Smith in danger of homelessness upon his release from custody. Smith states he has an "absolute right" to his monthly social security benefit of $914.00. (*Id.*) By depriving him of this benefit, Smith claims Respondents have violated the Fourteenth Amendment, the Social Security Act, and the Americans with Disabilities Act. (*Id.*) Smith indicates that he attempted to

1

file a writ of mandamus with the Tenth Circuit Court of Appeals, but the Clerk of Court refused to file the document. (*Id.*) It appears Smith believes this refusal constitutes a conflict of interest within the Tenth Circuit and he is, therefore, able to invoke this Court's diversity jurisdiction. (*See* Doc. 1-1.) Smith asks this Court to "compel" the Social Security Administration in Billings, Montana, to disperse his funds without further delay. (Doc. 1 at 2.)

The Court is required to screen matters brought by prisoners seeking relief against "a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

Smith's writ of mandamus will be denied for several reasons. As a preliminary matter, Smith has filed his writ in the wrong district. Smith's assertion of a perceived conflict does not confer jurisdiction upon this Court based upon diversity. Diversity jurisdiction "requires a complete diversity of citizenship; each of the plaintiffs must be a citizen of a different state than each of the defendants." *Morris v. Princess Cruises, Inc.*, 236 F. 3d 1061, 1067 (9th Cir. 2001). By Smith's own admission, he has already challenged the denial of benefits in the District of Wyoming and/or Tenth Circuit. A ruling adverse to Smith does not create

2

diversity. Where jurisdiction is not based solely on diversity of citizenship, courts look to the general venue provisions under 28 U.S.C. § 1391. *See e.g., Johnson v. Payless Drug Stores Northwest, Inc.*, 950 F. 2d 586, 587 (9th Cir. 1991). Because Smith "resides" in Wyoming, venue is proper there. 28 U.S.C. § 1391(b)(1).

Next, because Smith is incarcerated, he is not entitled to benefits under the No Social Security for Benefits for Prisoners Act of 2009, Pub. L. No. 111-115, 123 Stat. 3029 (2009), which in relevant part provides:

> In the case of payment of less than the correct amount of benefits to or on behalf of any individual, no payment shall be made to such individual…during any period for which such individual … is not an eligible individual … because such individual is an inmate of a public institution that is a jail, prison, or other penal institution or correctional facility the purpose of which is to confine individual… until such person is no longer considered an ineligible individual…

42 U.S.C. § 1383(b)(7)(A). Accordingly, the Act bars payment of social security benefits while Smith is incarcerated.

The Court may dismiss an action filed in the wrong district or, if it is in the interest of justice, instead may transfer the case to any district where the action could have been brought. *See* 28 U.S.C. § 1406(a). The Court finds that transfer of this action to the District of Wyoming is futile because the matter would be dismissed based upon Smith's failure to state a claim upon which relief may be granted. Moreover, it appears Smith's claims have already been denied in that

district. Under these circumstances, it is not in the interest of justice to transfer the matter.

Finally, a writ of mandamus is not the proper procedure to appeal a social security decision. Judicial review of social security decisions is limited by 42 U.S.C. § 405(g), (h). *See Hironymous v. Bowen*, 800 F. 2d 888. Section 405(h) provides, in pertinent part:

> No findings of fact or decision of the [Secretary] shall be reviewed by any person, tribunal, or governmental agency except as herein provided. No action against the United States, the [Secretary], or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter.

42 U.S.C. § 405(h). The phrase "except as herein provided" refers to 42 U.S.C. § 405(g), which permits an individual to obtain judicial review of a "final decision" of the Secretary. Thus, § 405(h) mandates that the federal courts have jurisdiction to review actions brought pursuant to the Medicare Act only after the plaintiff has satisfied § 405(g)'s requirement of obtaining a "final decision" from the Secretary. *See Heckler v. Ringer*, 466 U.S. 602, 625 (1984); 42 U.S.C. § 405(g). To the extent that Smith seeks judicial review of the denial of his benefits, he must follow the established appellate procedures. In short, Smith is not entitled to relief in the present matter.

Based upon the foregoing, the Court issues the following:

## ORDER

1. This matter is DISMISSED. The Clerk of Court is directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

2. The Clerk of Court is directed to have the docket reflect that the Court certifies that, pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure, any appeal of this decision would not be taken in good faith.

DATED this 7th day of February, 2024.

Susan P. Watters
United States District Court Judge